141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pamela Alberto BUCAY, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70510.
INS No. Azc-ljk-hwz.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 10, 1998.**
Decided March 18, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pamela Alberto Bucay, a native and citizen of the Philippines, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's denial of her application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a),[1] and we deny the petition.
 
 
 3
 We review for substantial evidence the BIA's factual findings underlying its decision that an applicant is statutorily ineligible for relief, and we will not reverse unless the evidence compels a contrary result. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir .1997).
 
 
 4
 Bucay contends that she established a well-founded fear of future persecution on account of imputed political opinion. We disagree.
 
 
 5
 Bucay testified that unidentified men, whom she speculated to be members of the New People's Army or other rightist group, attempted to abduct her, and that soon thereafter, she received a telephone call from an unidentified person threatening to kill her unless she disclosed the whereabouts of her father, a former military officer. She testified that she was threatened by the caller because of her refusal to cooperate. The evidence does not compel the conclusion that these incidents occurred on account of a political opinion imputed to her. See id. at 1487-90.
 
 
 6
 Because Bucay failed to demonstrate eligibility for asylum, she necessarily failed to satisfy the higher standard required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).[2]
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a(a). See IIRIRA § 309(c)(1)
 
 
 [2]
 Bucay also contends that the BIA violated her due process rights because she did not receive the hearing transcript and could not prepare a brief to the BIA. This court has no jurisdiction to review this claim because Bucay failed to exhaust her administrative remedies. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994) (stating that procedural errors correctable by the BIA cannot be raised for first time before the Court of Appeals)